# Exhibit A

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___DEKALB___ County

| For Clerk Use Only | 20A79235 |
|---|---|
| Date Filed ___2/21/2020___  **MM-DD-YYYY** | Case Number _____ |

**Plaintiff(s)**

| Tyson | Coley | M. | | |
|---|---|---|---|---|
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

| New Prime, Inc. | | | | |
|---|---|---|---|---|
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Ace American Insurance Company | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Holland | James | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** N. John Bey       **Bar Number** 118279       **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____       _____
**Case Number**                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                        **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

No. _____20A79235_____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

Date Summons Issued and Filed

**SUMMONS**

_____2/21/2020_____   Siana Smith
_____
Deputy Clerk

Coley M. Tyson _____

Deposit Paid $ _____

_____
(Plaintiff's name and address)

[ ]   **ANSWER**

**vs.**

[ ]   **JURY**

New Prime, Inc., _____

Ace American Insurance Company, and _____

James Holland _____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

N. John Bey, Bey and Associates, LLC _____
(Name)
191 Peachtree Street, Suite 3200, Atlanta, GA 30303
(Address)
404-344-4448 _____ 118279 _____
(Phone Number)                         (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____          _____

_____          _____
Defendant's Attorney                               Third Party Attorney

_____          _____

_____          _____
Address                                            Address

_____          _____
Phone No.            Georgia Bar No.              Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐ Account         ☐ Personal Injury          Principal      $ _____
☐ Contract        ☐ Medical Malpractice
☐ Note            ☐ Legal Malpractice        Interest       $ _____
☐ Trover          ☐ Product Liability
                  ☐ Other                     Atty Fees      $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Dekalb**                    **State Court**

Case Number: 20A79235

Plaintiff:
**Coley M. Tyson**
vs.
Defendant:
**New Prime, Inc., Ace American Insurance Company and James Holland**

For: N John Bey
     Bey and Associates, LLC

Received by Ancillary Legal Corporation on the 21st day of February, 2020 at 4:31 pm to be served on **James Holland, 7752 Willard Drive, W, Theodore, AL 36582.** I, ___JoAn___ ___Moorer___, being duly sworn, depose and say that on the __28th__ day of __February__, 2020 at __4__ : __30__ p.m., executed service by delivering a true copy of the **Summons, Complaint, Plaintiff's First Interrogatories and Request for Production of Documents to Defendants** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(✓) SUBSTITUTE SERVICE: By serving ___J.C. McIntosh___ as ___Step-father___, a person of suitable age and discretion residing therein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _80_   SEX (M) F   Race _White_   Height _6'0"_   Weight _175 lbs._   Hair _Grey_   Glasses (Y) N

COMMENTS: _____

STATE COURT OF
DEKALB COUNTY, GA.
3/11/2020 11:14 AM
E-FILED
BY: Shirley Penning-Pipkins

## AFFIDAVIT OF SERVICE For 20A79235

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __5th__
day of ___March_____, _2020_ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC                    Exp. 4/16/22

_John Moore_
_____
PROCESS SERVER # _____N/A_____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2020000990

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

COLEY M. TYSON,                           )
         **Plaintiff,**                           )     **CIVIL ACTION**    20A79235
                                       )     **FILE NO. _____**
**v.**                                    )
                                       )
**NEW PRIME, INC., ACE AMERICAN**         )     **JURY TRIAL DEMAND**
**INSURANCE COMPANY and JAMES**           )
**HOLLAND**                               )
                                       )
         **Defendants.**                      )

## VERIFIED COMPLAINT

COMES NOW Coley Tyson, Plaintiff, by and through counsel, and hereby makes and files this complaint against Defendants New Prime, LLC, Ace American Insurance Company and James Holland, as follows:

### PARTIES, VENUE AND JURISDICTION

1.

Plaintiff is a citizen of the State of Georgia and resides at 1193 Hawthorn Lane, Grayson, Georgia 30017 in Gwinnett County, in the State of Georgia and is subject to the jurisdiction of this court.

2.

Defendant New Prime, Inc. ("New Prime") is a foreign corporation, existing under the laws of the State of Nebraska and is authorized to transact business in the State of Georgia and may be served by delivering a copy of the summons and complaint on its registered agent for service, InCorp Services, Inc., 2000 Riveredge Pkwy, NW, Suite 885, Atlanta, Georgia 30328 in Fulton County and is subject to the jurisdiction of this Court.

**3.**

Defendant Ace American Insurance Company ("Ace American") is a foreign corporation, existing under the laws of the State of Pennsylvania and is authorized to transact business in the State of Georgia and may be served by delivering a copy of the summons and complaint on its registered agent for service, Linda Banks, at CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046-4805 in Gwinnett County and is subject to the jurisdiction of this Court.

**4.**

Defendant James Holland ("Holland") is a resident of the State of Alabama and may be served with a copy of the Summons and Complaint at the address of 7752 Willard Drive, W, Theodore, Alabama 36582 in Mobile County.

**5.**

The accident occurred in Dekalb County, Georgia, therefore, jurisdiction and venue are proper in this action pursuant to O.C.G.A. § 40-12-3.

## **BACKGROUND**

**6.**

On or about May 23, 2019, Plaintiff was driving his vehicle west on Interstate 285 West in the second lane from the right, at its intersection with Ashford Dunwoody Road, in Dekalb County, Georgia.

**7.**

Defendant Holland was driving a commercial vehicle west on Interstate 285 West in the third lane form the right.

**8.**

Suddenly without warning Defendant Holland crashed into the Plaintiff's vehicle.

### 9.

Defendant's vehicle struck the left/driver's side of Plaintiff's vehicle.

### 10.

Defendant received a citation for violation of **O.C.G.A. § 40-6-48, Failure to Maintain Lane.**

### 11.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## <u>COUNT I – NEGLIGENCE</u>

### 12.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

### 13.

Defendant Holland was negligent in failing to maintain his lane.

### 14.

Defendant Holland was negligent in striking Plaintiff's vehicle.

### 15.

Defendant Holland's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## <u>COUNT II – NEGLIGENCE PER SE</u>

### 16.

Plaintiff's allegations contained in paragraphs 1 through 15 are hereby adopted and re-alleged as if fully set forth herein.

17.

Defendant Holland's tortious acts and omissions as alleged herein constitute negligence *per se* within the meaning of Georgia law.

18.

Defendant is strictly liable for Plaintiff's injuries and damages, including personal injuries.

19.

Defendant is strictly liable for Plaintiff's injuries and damages, including expenses related to medical care and treatment.

20.

Defendant is strictly liable for Plaintiff's injuries and damages, including physical pain and suffering.

21.

Defendant is strictly liable for Plaintiff's injuries and damages, including emotional pain and suffering.

22.

Defendant is strictly liable for Plaintiff's injuries and damages, including mental anguish.

23.

Defendant Holland's negligence *per se* consists of failure to adhere to the applicable standard of care, as evidenced by failing to yield when turning left, in violation of **O.C.G.A. § 40-6-48**, among other things.

24.

As a direct and proximate cause of Defendant's violation of O.C.G.A. § 40-6-48, Plaintiff suffered personal injuries.

25.

As a direct and proximate cause of Defendant's violation of O.C.G.A. § 40-6-48, Plaintiff suffered expenses related to medical care and treatment.

26.

As a direct and proximate cause of Defendant's violation of O.C.G.A. § 40-6-48, Plaintiff suffered physical pain and suffering.

27.

As a direct and proximate cause of Defendant's violation of O.C.G.A. § 40-6-48, Plaintiff suffered emotional pain and suffering.

28.

As a direct and proximate cause of Defendant's violation of O.C.G.A. § 40-6-48, Plaintiff suffered mental anguish.

29.

As a direct and proximate result of the collision, Plaintiff incurred and continues to incur significant medical expenses.

## COUNT III – IMPUTED LIABILITY

30.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

At the time of the subject collision, Defendant Holland was under dispatch for Defendant New Prime.

32.

At the time of the subject collision, Defendant Holland was operating his vehicle on behalf of Defendant New Prime.

33.

Defendant New Prime is responsible for the actions of Defendant Holland in-regard to the collision described in this complaint under the doctrine of respondent superior, agency, or apparent agency.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION

34.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35.

Defendant New Prime was negligent in hiring Defendant Holland.

36.

Defendant New Prime was negligent in entrusting New Prime to drive a commercial vehicle.

37.

Defendant New Prime was negligent in failing to properly train Defendant Holland.

38.

Defendant New Prime was negligent in failing to properly supervise Defendant Holland.

### 39.

Defendant New Prime's negligence in hiring Defendant Holland was the sole and proximate cause of the collision, and Plaintiff's injuries.

### 40.

Defendant New Prime's negligence in entrusting her with driving a commercial vehicle was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

### 41.

Defendant New Prime's negligence in failing to train Defendant Holland was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

### 42.

Defendant New Prime's negligence in supervising Defendant Holland was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## <u>COUNT V – DIRECT ACTION</u>

### 43.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42 above as if fully restated.

### 44.

Defendant Ace American is subject to a direct action as the insurer for Defendant Holland pursuant to O.C.G.A. § 40-2-140.

### 45.

Defendant Ace American was the insurer of Defendant New Prime at the time of the subject incident.

### 46.

Defendant Ace American issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

### 47.

Defendant Ace American and Holland are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

## COUNT VI – DAMAGES

### 48.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 47 above as if fully restated.

### 49.

As a result of Defendants' negligence, Plaintiff suffered significant injuries causing invasive medical procedures.

### 50.

As a result of Defendants' negligence, Plaintiff has a claim for past medical expenses.

### 51.

As a result of Defendants' negligence, Plaintiff has a claim for future medical expenses.

### 52.

As a result of Defendants' negligence, Plaintiff has a claim for lost wages.

### 53.

As a result of Defendants' negligence, Plaintiff has a claim for past pain and suffering.

### 54.

As a result of Defendants' negligence, Plaintiff has a claim for future pain and suffering.

## COUNT VII – PUNITIVE DAMAGES

### 55.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 54 above as if fully restated.

### 56.

Defendants' conduct was reckless and entitles Plaintiff to an award of punitive damages.

### 56.

Defendants' conduct was willful and entitles Plaintiff to an award of punitive damages.

### 58.

Defendants' conduct was wanton and entitles Plaintiff to an award of punitive damages.

### 59.

Defendants' conduct demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE,** Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a.   That Plaintiff recover the full value of her past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.   That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.   That Plaintiff recover for her permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d.     That Plaintiff recover punitive damages in an amount to be determined by the
       enlightened conscience of a jury;

e.     That Plaintiff recover such other and further relief as is just and proper.

Respectfully submitted this __18__ day of February, 2020.

                                        BEY & ASSOCIATES LLC

                                        N. John Bey, Esq.
                                        Georgia Bar No. 118279
                                        Joe Morris III, Esq.
                                        Georgia Bar No. 254280
                                        Attorneys for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 850-6803
Facsimile: (404) 393-6107
john@beyandassociates.com

                                        STATE COURT OF
                                        DEKALB COUNTY, GA.
                                        2/20/2020 4:29 PM
                                        E-FILED
                                        BY: Siana Smith

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

COLEY M. TYSON,                          )
                                         )        CIVIL ACTION 20A79235
    **Plaintiff,**                        )        FILE NO. _____
                                         )
v.                                       )
                                         )
NEW PRIME, INC., ACE AMERICAN            )        **JURY TRIAL DEMAND**
INSURANCE COMPANY and JAMES              )
HOLLAND                                  )
                                         )
    **Defendants.**                      )
_____      )

## VERIFICATION

Personally, appeared before me, **COLEY M. TYSON,** who, after first being duly sworn,

deposes and states under oath that I have read the foregoing **Verified Complaint,** and that the

presented facts stated therein are true and correct to the best of his knowledge.

This _18_ day of _O2_____, 2020.

_Coley m Tyson_
COLEY M. TYSON

Sworn and subscribed before me on

This _18_ day of _Feb_____, 2020

_____
Notary Public
Commission expires on: _8/29/2021_

*(Notary seal: DONTE THOMPSON, NOTARY PUBLIC, MY COMMISSION EXPIRES 8/29/2021, DEKALB COUNTY, GEORGIA)*

STATE COURT OF
DEKALB COUNTY, GA.
2/20/2020 4:29 PM
E-FILED
BY: Siana Smith

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| COLEY M. TYSON, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO. __20A79235__ |
| | ) | |
| v. | ) | |
| | ) | |
| NEW PRIME, INC., ACE AMERICAN | ) | JURY TRIAL DEMAND |
| INSURANCE COMPANY and JAMES | ) | |
| HOLLAND | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS NEW PRIME, INC. ACE AMERICAN INSURANCE COMPANY

TO:    Defendants by and through their counsel of record.

Plaintiff, pursuant to O.C.G.A. § 9-11-33 and § 9-11-34, submits herewith to Defendants, for response within Forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership or lease interest in the vehicle driven by Defendant Holland on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the vehicle driven by Defendant Holland from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of any lease, contract, or other agreement regarding the vehicle driven by Defendant Holland on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of the bill of sale, title, and any other documents relating to the ownership of the vehicle driven by Defendant Holland on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Holland. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

8.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

9.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, the policy of insurance identified in response to Interrogatory No. 8. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

10.

Do you contend that Plaintiff caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, any trip reports or dispatch records in regard to Defendant Holland for the

day of the incident and the two week period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 12.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, a copy of all driver's logs or time cards for Defendant Holland for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Holland for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the vehicle driven by Defendant Holland on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of all maintenance records, repair invoices and work orders concerning the vehicle driven by Defendant Holland on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, a copy of Defendant Holland' driver's qualification or personnel file, including but not limited to:

(a)    Application for employment;

(b)    Copy of her drivers license;

(c)    Driver's certification of prior motor vehicle accidents;

(d)    Driver's certification of prior violations of motor vehicle laws;

(e)    Driver's prior employment history;

(f)    Carrier's inquiry into her driving record;

(g)    Carrier's inquiry into her employment record;

(h)    Documents regarding carrier's annual review of her driving record;

(i)    Response of each state agency to carrier's annual inquiry concerning her driving record;

(j)    Certification of driver's road test;

(k)    Medical examiners certificate;

(l)    Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)    Training certificates and training documents;

(n)    Drug testing records; and

(o)    Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 17.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Holland? If so, please state:

(a)    The date of testing;

(b)    Who performed the test;

(c)    Where the test was performed; and

(d)    The results of the test.

### 18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Holland. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 19.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230,

Atlanta, Georgia 30303, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Holland. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

23.

State whether the vehicle involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM, GPS or device known by any other name which records information concerning the operation of the vehicle.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the day of the incident and the six month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Describe the vehicle operated by Defendant Holland at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

26.

State the extent of any training provided to Defendant Holland by this Defendant or any outside agency since the date of Defendant Holland' application for employment or the date she began driving for this Defendant, whichever came first.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of any documents regarding any training received by Defendant Holland. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, any permits or licenses regarding the vehicle driven by Defendant Holland and the load transported by Defendant Holland at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

29.

Please explain the nature of the employment relationship between this Defendant and Defendant Holland (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

30.

With respect to Defendant Holland, please state the driver's mode of compensation.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and her pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the vehicle involved in the subject collision.

33.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Holland since the commencement of said driver's employment with this Defendant up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Please identify all automobile accidents and moving violations for Defendant Holland prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

35.

Please state Defendant Holland's date of birth, social security number and driver's license number?

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Holland on the date of the incident.

37.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)      Was an eyewitness to the incident complained of in this action;

(b)      Has some knowledge of any fact or circumstance upon which your defense is based;

(c)      Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

39.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

41.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

42.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

43.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which she/he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

44.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230,

Atlanta, Georgia 30303, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Bey & Associates LLC, 191 Peachtree Street, Suite 3230, Atlanta, Georgia 30303, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Respectfully submitted this 18th day of February, 2020.

BEY & ASSOCIATES LLC

N. John Bey, Esq.
Georgia Bar No. 118279
Joe Morris III, Esq.
Georgia Bar No. 254280
Attorneys for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 850-6803
Facsimile: (404) 393-6107
john@beyandassociates.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

COLEY M. TYSON,

        Plaintiff,

v.

NEW PRIME, INC., ACE AMERICAN
INSURANCE COMPANY and JAMES
HOLLAND,

        Defendants.

Civil Action File No. 20A79235

---

## DEFENDANT ACE AMERICAN INSURANCE COMPANY'S VERIFIED ANSWER AND DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW ACE American Insurance Company (hereinafter "Defendant"), named defendant in the above-styled action, and file the following Verified Answer and Defenses to Plaintiff's Verified Complaint and show the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff because it breached no duty owed to Plaintiff in regard to the occurrence giving rise to Plaintiff's Complaint.

### THIRD DEFENSE

Any injury allegedly suffered by Plaintiff was not proximately caused by Defendant.

## FOURTH DEFENSE

To the extent as may be shown by the evidence, Defendant assert the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, failure to exercise ordinary care and failure to mitigate damages.

## FIFTH DEFENSE

The Complaint should be dismissed on the grounds venue is improper and personal jurisdiction does not exist as to Defendant.

## SIXTH DEFENSE

Defendant is not a proper party to this action, under Georgia's Direct Action Statute or otherwise.

## SEVENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

## EIGHTH DEFENSE

For an eighth defense, Defendant answers the numbered Paragraphs of the Complaint as follows:

**1.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Complaint and, therefore, cannot admit or deny same.

**2.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 2 of the Complaint and, therefore, cannot admit or deny same.

**3.**

Defendant denies it is subject to the jurisdiction of this Court, but admits the allegations remaining in Paragraph No. 3 of the Complaint.

**4.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 4 of the Complaint and, therefore, cannot admit or deny same.

**5.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 5 of the Complaint and, therefore, cannot admit or deny same.

**6.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 6 of the Complaint and, therefore, cannot admit or deny same.

**7.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 7 of the Complaint and, therefore, cannot admit or deny same.

**8.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 8 of the Complaint and, therefore, cannot admit or deny same.

**9.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 9 of the Complaint and, therefore, cannot admit or deny same.

**10.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 10 of the Complaint and, therefore, cannot admit or deny same.

**11.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 11 of the Complaint and, therefore, cannot admit or deny same.

**12.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**13.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 13 of the Complaint and, therefore, cannot admit or deny same.

**14.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 14 of the Complaint and, therefore, cannot admit or deny same.

**15.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 15 of the Complaint and, therefore, cannot admit or deny same.

**16.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**17.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 17 of the Complaint and, therefore, cannot admit or deny same.

**18.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 18 of the Complaint and, therefore, cannot admit or deny same.

**19.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 19 of the Complaint and, therefore, cannot admit or deny same.

**20.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 20 of the Complaint and, therefore, cannot admit or deny same.

**21.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 21 of the Complaint and, therefore, cannot admit or deny same.

**22.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint and, therefore, cannot admit or deny same.

**23.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 23 of the Complaint and, therefore, cannot admit or deny same.

**24.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 24 of the Complaint and, therefore, cannot admit or deny same.

**25.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 25 of the Complaint and, therefore, cannot admit or deny same.

**26.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 26 of the Complaint and, therefore, cannot admit or deny same.

**27.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 27 of the Complaint and, therefore, cannot admit or deny same.

**28.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 28 of the Complaint and, therefore, cannot admit or deny same.

**29.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 29 of the Complaint and, therefore, cannot admit or deny same.

**30.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**31.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 31 of the Complaint and, therefore, cannot admit or deny same.

**32.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 32 of the Complaint and, therefore, cannot admit or deny same.

**33.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 33 of the Complaint and, therefore, cannot admit or deny same.

**34.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**35.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 35 of the Complaint and, therefore, cannot admit or deny same.

**36.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 36 of the Complaint and, therefore, cannot admit or deny same.

**37.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 37 of the Complaint and, therefore, cannot admit or deny same.

**38.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 38 of the Complaint and, therefore, cannot admit or deny same.

**39.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 39 of the Complaint and, therefore, cannot admit or deny same.

**40.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 40 of the Complaint and, therefore, cannot admit or deny same.

**41.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 41 of the Complaint and, therefore, cannot admit or deny same.

**42.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 42 of the Complaint and, therefore, cannot admit or deny same.

**43.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**44.**

Defendant denies the allegations contained in Paragraph No. 44 of the Complaint.

**45.**

Defendant denies the allegations contained in Paragraph No. 45 of the Complaint as pled. Defendant admits Defendant ACE American was the excess insurer of Defendant New Prime at the time of the subject incident.

**46.**

Defendant admits it issued an excess liability policy to Defendant New Prime. Defendant is without knowledge and information sufficient to form a belief as to the allegations remaining in Paragraph No. 46 of the Complaint and, therefore, is unable to admit or deny same.

**47.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 47 of the Complaint and, therefore, is unable to admit or deny same.

**48.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**49.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 49 of the Complaint and, therefore, is unable to admit or deny same.

**50.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 50 of the Complaint and, therefore, is unable to admit or deny same.

**51.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 51 of the Complaint and, therefore, is unable to admit or deny same.

**52.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 52 of the Complaint and, therefore, is unable to admit or deny same.

**53.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 53 of the Complaint and, therefore, is unable to admit or deny same.

**54.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 54 of the Complaint and, therefore, is unable to admit or deny same.

**55.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**56.**

Defendant denies the allegations contained in Paragraph No. 56 of the Complaint.

**57.**

Defendant denies the allegations contained in Paragraph No. 57 of the Complaint.

**58.**

Defendant denies the allegations contained in Paragraph No. 58 of the Complaint.

**59.**

Defendant denies the allegations contained in Paragraph No. 59 of the Complaint.

**60.**

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* clause and its subparts, are hereby denied.

WHEREFORE, having fully answered, Defendant prays the Complaint be dismissed with costs of this action cast against Plaintiff.

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Elizabeth L. Bentley*

By: _____

RICHARD C. FOSTER, ESQ.
State Bar No.: 271057
*richie.foster@swiftcurrie.com*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorneys for Defendants***

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

STATE COURT OF
DEKALB COUNTY, GA.
3/31/2020 3:46 PM
E-FILED
BY: Phyleta Knighton

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

COLEY M. TYSON,

        Plaintiff,

v.

NEW PRIME, INC., ACE AMERICAN
INSURANCE COMPANY and JAMES
HOLLAND,

        Defendants.

Civil Action File No. 20A79235

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Defendant ACE American Insurance Company's Verified Answer and Defenses to Plaintiff's Complaint** upon all parties to this matter via the Odyssey E-File & Serve System which will automatically send an electronic copy of same to all parties and counsel of record as follows:

John Bey, Esq.
Joe Morris, Esq.
BEY & ASSOCIATES, LLC
191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303

This 31st day of March, 2020.

                    Respectfully submitted,
                    **SWIFT, CURRIE, MCGHEE & HIERS, LLP**
                    */s/ Elizabeth L. Bentley*

By: _____

                    ELIZABETH L. BENTLEY, ESQ.
                    State Bar No.: 828730
                    *beth.bentley@swiftcurrie.com*
                    ***Attorney for Defendants***

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COLEY M. TYSON,<br><br>      Plaintiff,<br><br>v.<br><br>NEW PRIME, INC., ACE AMERICAN<br>INSURANCE COMPANY and JAMES<br>HOLLAND,<br><br>      Defendants. | Civil Action File No. 20A79235 |

## DEFENDANT'S DEMAND FOR JURY PANEL OF TWELVE

COMES NOW ACE American Insurance Company (hereinafter "Defendant"), named defendant in the above styled action, by and through its attorneys, and demand in writing prior to the commencement of the trial term that the above-styled case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-12-122.

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

By: */s/ Elizabeth L. Bentley*
_____
RICHARD C. FOSTER, ESQ.
State Bar No.: 271057
richie.foster@swiftcurrie.com
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
beth.bentley@swiftcurrie.com
*Attorneys for Defendant*

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

1

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COLEY M. TYSON,<br><br>     Plaintiff,<br><br>v.<br><br>NEW PRIME, INC., ACE AMERICAN<br>INSURANCE COMPANY and JAMES<br>HOLLAND,<br><br>     Defendants. | Civil Action File No. 20A79235 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Defendant's Demand for Jury Panel of Twelve* upon all parties via the Odyssey E-File & Serve System which will automatically send an electronic copy of same to all counsel and parties of record as follows:

John Bey, Esq.
Joe Morris, Esq.
BEY & ASSOCIATES, LLC
191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303

This 31st day of March, 2020.

                      Respectfully submitted,
                      **SWIFT, CURRIE, MCGHEE & HIERS, LLP**
                      */s/ Elizabeth L. Bentley*

By: _____
                      ELIZABETH L. BENTLEY, ESQ.
                      State Bar No.: 828730
                      beth.bentley@swiftcurrie.com
                      *Attorney for Defendant*

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

COLEY M. TYSON,

        Plaintiff,

v.

NEW PRIME, INC., ACE AMERICAN
INSURANCE COMPANY and JAMES
HOLLAND,

        Defendants.

Civil Action File No. 20A79235

---

### DEFENDANT JAMES HOLLAND'S [SIC] ANSWER AND DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW James Mitchell (hereinafter "Defendant"), named defendant in the above-styled action, and files the following Answer and Defenses to Plaintiff's Verified Complaint and show the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Any injury allegedly suffered by Plaintiff was not proximately caused by Defendant.

### THIRD DEFENSE

The Complaint should be dismissed on the grounds venue is improper and personal jurisdiction does not exist as to Defendant.

### FOURTH DEFENSE

Defendant James Holland is a misnomer and the aforementioned Defendant, therefore, has been improperly named herein.

## FIFTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to him during the course of his investigation and discovery.

## SIXTH DEFENSE

For a sixth defense, Defendant answers the numbered Paragraphs of the Complaint as follows:

**1.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Complaint and, therefore, cannot admit or deny same.

**2.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 2 of the Complaint and, therefore, cannot admit or deny same.

**3.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 3 of the Complaint and, therefore, cannot admit or deny same.

**4.**

Defendant admits the allegations contained in Paragraph No. 4.

**5.**

Defendant admits the accident described in Plaintiff's Complaint occurred in DeKalb County, Georgia, but denies the allegations remaining in Paragraph No. 5.

**6.**

Defendant denies the allegations contained in Paragraph No. 6 of the Complaint.

**7.**

Defendant admits he was driving a commercial tractor as described in Paragraph No. 7 of the Complaint. Defendant denies the allegations remaining in Paragraph No. 7.

**8.**

Defendant denies the allegations contained in Paragraph No. 8 of the Complaint.

**9.**

Defendant admits the allegations contained in Paragraph No. 9 of the Complaint.

**10.**

Defendant admits the allegations contained in Paragraph No. 10 of the Complaint as to himself.

**11.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 11 of the Complaint and, therefore, cannot admit or deny same.

**12.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**13.**

Defendant denies the allegations contained in Paragraph No. 13 of the Complaint.

**14.**

Defendant admits he was negligent and that his negligence was a proximate cause of the collision described in Plaintiff's Complaint, but Defendant denies the allegations remaining in

Paragraph No. 14 of the Complaint.

**15.**

Defendant denies the allegations contained in Paragraph No. 15 of the Complaint as pled.

**16.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**17.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 17 of the Complaint.

**18.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 18 of the Complaint.

**19.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 19 of the Complaint.

**20.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 20 of the Complaint.

**21.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 21 of the Complaint.

**22.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint.

**23.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 23 of the Complaint.

**24.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 24 of the Complaint.

**25.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 25 of the Complaint.

**26.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 26 of the Complaint.

**27.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 27 of the Complaint.

**28.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 28 of the Complaint.

**29.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 29 of the Complaint.

**30.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**31.**

Defendant denies the allegations contained in Paragraph No. 31 of the Complaint.

**32.**

Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

**33.**

Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

**34.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**35.**

Defendant denies the allegations contained in Paragraph No. 35 of the Complaint.

**36.**

Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

**37.**

Defendant denies the allegations contained in Paragraph No. 37 of the Complaint.

**38.**

Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

**39.**

Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

**40.**

Defendant denies the allegations contained in Paragraph No. 40 of the Complaint.

**41.**

Defendant denies the allegations contained in Paragraph No. 41 of the Complaint.

**42.**

Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

**43.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**44.**

Defendant denies the allegations contained in Paragraph No. 44 of the Complaint.

**45.**

Defendant denies the allegations contained in Paragraph No. 45 of the Complaint as pled. Defendant admits, upon information and belief, Defendant ACE American was the excess insurer of Defendant New Prime at the time of the subject incident.

**46.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 46 of the Complaint and, therefore, is unable to admit or deny same.

**47.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 47 of the Complaint and, therefore, is unable to admit or deny same.

**48.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**49.**

Defendant denies the allegations contained in Paragraph No. 49 of the Complaint.

**50.**

Defendant denies the allegations contained in Paragraph No. 50 of the Complaint.

**51.**

Defendant denies the allegations contained in Paragraph No. 51 of the Complaint.

**52.**

Defendant denies the allegations contained in Paragraph No. 52 of the Complaint.

**53.**

Defendant denies the allegations contained in Paragraph No. 53 of the Complaint.

**54.**

Defendant denies the allegations contained in Paragraph No. 54 of the Complaint.

**55.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**56.**

Defendant denies the allegations contained in Paragraph No. 56 of the Complaint.

**57.**

Defendant denies the allegations contained in Paragraph No. 57 of the Complaint.

**58.**

Defendant denies the allegations contained in Paragraph No. 58 of the Complaint.

**59.**

Defendant denies the allegations contained in Paragraph No. 59 of the Complaint.

**60.**

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* clause and its subparts, are hereby denied.

WHEREFORE, having fully answered, Defendant prays the Complaint be dismissed with costs of this action cast against Plaintiff.

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Elizabeth L. Bentley*

By: _____

RICHARD C. FOSTER, ESQ.
State Bar No.: 271057
*richie.foster@swiftcurrie.com*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorneys for Defendants***

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

STATE COURT OF
DEKALB COUNTY, GA.
3/31/2020 3:46 PM
E-FILED
BY: Phyleta Knighton

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

COLEY M. TYSON,

        Plaintiff,

v.

NEW PRIME, INC., ACE AMERICAN
INSURANCE COMPANY and JAMES
HOLLAND,

        Defendants.

Civil Action File No. 20A79235

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Defendant James Holland's [sic] Answer and Defenses to Plaintiff's Complaint** upon all parties to this matter via the Odyssey E-File & Serve System which will automatically send an electronic copy of same to all parties and counsel of record as follows:

John Bey, Esq.
Joe Morris, Esq.
BEY & ASSOCIATES, LLC
191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
*/s/ Elizabeth L. Bentley*

By: _____
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorney for Defendants***

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COLEY M. TYSON,<br><br>      Plaintiff,<br><br>v.<br><br>NEW PRIME, INC., ACE AMERICAN<br>INSURANCE COMPANY and JAMES<br>HOLLAND,<br><br>      Defendants. | Civil Action File No. 20A79235 |

## DEFENDANT JAMES HOLLAND'S [SIC] DEMAND FOR JURY PANEL OF TWELVE

COMES NOW James Mitchell (hereinafter "Defendant"), named defendant in the above styled action, by and through his attorneys, and demand in writing prior to the commencement of the trial term that the above-styled case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-12-122.

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Elizabeth L. Bentley*

By: _____
RICHARD C. FOSTER, ESQ.
State Bar No.: 271057
*richie.foster@swiftcurrie.com*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorneys for Defendant***

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

1

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

COLEY M. TYSON,

       Plaintiff,

v.

NEW PRIME, INC., ACE AMERICAN
INSURANCE COMPANY and JAMES
HOLLAND,

       Defendants.

Civil Action File No. 20A79235

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served a copy of the within and foregoing *Defendant's Demand for Jury Panel of Twelve* upon all parties via the Odyssey E-File & Serve System which will automatically send an electronic copy of same to all counsel and parties of record as follows:

John Bey, Esq.
Joe Morris, Esq.
BEY & ASSOCIATES, LLC
191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
*/s/ Elizabeth L. Bentley*

By: _____
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
*Attorney for Defendant*

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

COLEY M. TYSON,

        Plaintiff,

v.

NEW PRIME, INC., ACE AMERICAN
INSURANCE COMPANY and JAMES
HOLLAND,

        Defendants.

Civil Action File No. 20A79235

---

### DEFENDANT NEW PRIME, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW New Prime, Inc. (hereinafter "Defendant"), named defendant in the above-styled action, and files the following Answer and Defenses to Plaintiff's Verified Complaint and show the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to Plaintiff's Complaint.

### THIRD DEFENSE

Any injury allegedly suffered by Plaintiff was not proximately caused by Defendant.

## FOURTH DEFENSE

To the extent as may be shown by the evidence, Defendant assert the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, failure to exercise ordinary care and failure to mitigate damages.

## FIFTH DEFENSE

The Complaint should be dismissed on the grounds venue is improper and personal jurisdiction does not exist as to Defendant.

## SIXTH DEFENSE

Defendant James Holland is a misnomer and the aforementioned Defendant, therefore, has been improperly named herein.

## SEVENTH DEFENSE

As Defendant Holland [sic] was not in the scope of his employment when the subject collision occurred, and was not driving on Defendant New Prime, Inc.'s behalf, Defendant New Prime, Inc. is not a proper party to this litigation.

## EIGHTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

## NINTH DEFENSE

For a ninth defense, Defendant answers the numbered Paragraphs of the Complaint as follows:

**1.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Complaint and, therefore, cannot admit or deny same.

**2.**

Defendant denies New Prime is subject to the jurisdiction of this Court, but admits the allegations remaining in Paragraph No. 2 of the Complaint.

**3.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 3 of the Complaint and, therefore, cannot admit or deny same.

**4.**

Defendant, upon information and belief, admits the allegations contained in Paragraph No. 4.

**5.**

Defendant, upon information and belief, admits the accident described in Plaintiff's Complaint occurred in DeKalb County, Georgia, but denies the allegations remaining in Paragraph No. 5.

**6.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 6 of the Complaint and, therefore, cannot admit or deny same.

**7.**

Defendant admits Defendant Holland [sic] was driving a commercial tractor as described in Paragraph No. 7 of the Complaint. Defendant denies the allegations remaining in Paragraph No. 7.

**8.**

Defendant denies the allegations contained in Paragraph No. 8 of the Complaint.

**9.**

Defendant, upon information and belief, admits the allegations contained in Paragraph No. 9 of the Complaint.

**10.**

Defendant, upon information and belief, admits the allegations contained in Paragraph No. 10 of the Complaint as to Defendant Holland [sic].

**11.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 11 of the Complaint and, therefore, cannot admit or deny same.

**12.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**13.**

Defendant denies the allegations contained in Paragraph No. 13 of the Complaint.

**14.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 14 of the Complaint and, therefore, cannot admit or deny same.

**15.**

Defendant denies the allegations contained in Paragraph No. 15 of the Complaint as pled.

**16.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**17.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 17 of the Complaint.

**18.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 18 of the Complaint.

**19.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 19 of the Complaint.

**20.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 20 of the Complaint.

**21.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 21 of the Complaint.

**22.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint.

**23.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 23 of the Complaint.

**24.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 24 of the Complaint.

**25.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 25 of the Complaint.

**26.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 26 of the Complaint.

**27.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 27 of the Complaint.

**28.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 28 of the Complaint.

**29.**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 29 of the Complaint.

**30.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**31.**

Defendant denies the allegations contained in Paragraph No. 31 of the Complaint.

**32.**

Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

**33.**

Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

**34.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**35.**

Defendant denies the allegations contained in Paragraph No. 35 of the Complaint.

**36.**

Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

**37.**

Defendant denies the allegations contained in Paragraph No. 37 of the Complaint.

**38.**

Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

**39.**

Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

**40.**

Defendant denies the allegations contained in Paragraph No. 40 of the Complaint.

**41.**

Defendant denies the allegations contained in Paragraph No. 41 of the Complaint.

**42.**

Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

**43.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**44.**

Defendant denies the allegations contained in Paragraph No. 44 of the Complaint.

**45.**

Defendant denies the allegations contained in Paragraph No. 45 of the Complaint as pled. Defendant admits Defendant ACE American was the excess insurer of Defendant New Prime at the time of the subject incident.

**46.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 46 of the Complaint and, therefore, are unable to admit or deny same.

**47.**

Defendant is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph No. 47 of the Complaint and, therefore, are unable to admit or deny same.

**48.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**49.**

Defendant denies the allegations contained in Paragraph No. 49 of the Complaint.

**50.**

Defendant denies the allegations contained in Paragraph No. 50 of the Complaint.

**51.**

Defendant denies the allegations contained in Paragraph No. 51 of the Complaint.

**52.**

Defendant denies the allegations contained in Paragraph No. 52 of the Complaint.

**53.**

Defendant denies the allegations contained in Paragraph No. 53 of the Complaint.

**54.**

Defendant denies the allegations contained in Paragraph No. 54 of the Complaint.

**55.**

Defendant realleges and reasserts all previous defenses, responses and objections as if fully restated herein.

**56.**

Defendant denies the allegations contained in Paragraph No. 56 of the Complaint.

**57.**

Defendant denies the allegations contained in Paragraph No. 57 of the Complaint.

**58.**

Defendant denies the allegations contained in Paragraph No. 58 of the Complaint.

**59.**

Defendant denies the allegations contained in Paragraph No. 59 of the Complaint.

**60.**

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* clause and its subparts, are hereby denied.


WHEREFORE, having fully answered, Defendant prays the Complaint be dismissed with costs of this action cast against Plaintiff.

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

*/s/ Elizabeth L. Bentley*

By:  _____

RICHARD C. FOSTER, ESQ.
State Bar No.: 271057
*richie.foster@swiftcurrie.com*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorneys for Defendants***

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

STATE COURT OF
DEKALB COUNTY, GA.
3/31/2020 3:46 PM
E-FILED
BY: Phyleta Knighton

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COLEY M. TYSON, | |
| Plaintiff, | |
| v. | Civil Action File No. 20A79235 |
| NEW PRIME, INC., ACE AMERICAN INSURANCE COMPANY and JAMES HOLLAND, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Defendant New Prime's Answer and Defenses to Plaintiff's Complaint** upon all parties to this matter via the Odyssey E-File & Serve System which will automatically send an electronic copy of same to all parties and counsel of record as follows:

John Bey, Esq.
Joe Morris, Esq.
BEY & ASSOCIATES, LLC
191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
*/s/ Elizabeth L. Bentley*

By: _____
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
*Attorney for Defendants*

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

COLEY M. TYSON,

      Plaintiff,

v.

NEW PRIME, INC., ACE AMERICAN
INSURANCE COMPANY and JAMES
HOLLAND,

      Defendants.

Civil Action File No. 20A79235

## DEFENDANT'S DEMAND FOR JURY PANEL OF TWELVE

COMES NOW New Prime, Inc. (hereinafter "Defendant"), named defendant in the above styled action, by and through its attorneys, and demand in writing prior to the commencement of the trial term that the above-styled case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-12-122.

This 31st day of March, 2020.

                        Respectfully submitted,
                        **SWIFT, CURRIE, MCGHEE & HIERS, LLP**

                        */s/ Elizabeth L. Bentley*

        By:     _____
                        RICHARD C. FOSTER, ESQ.
                        State Bar No.: 271057
                        *richie.foster@swiftcurrie.com*
                        ELIZABETH L. BENTLEY, ESQ.
                        State Bar No.: 828730
                        *beth.bentley@swiftcurrie.com*
                        ***Attorneys for Defendant***

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

1

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COLEY M. TYSON, | |
| Plaintiff, | |
| v. | Civil Action File No. 20A79235 |
| NEW PRIME, INC., ACE AMERICAN INSURANCE COMPANY and JAMES HOLLAND, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Defendant's Demand for Jury Panel of Twelve* upon all parties via the Odyssey E-File & Serve System which will automatically send an electronic copy of same to all counsel and parties of record as follows:

John Bey, Esq.
Joe Morris, Esq.
BEY & ASSOCIATES, LLC
191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303

This 31st day of March, 2020.

Respectfully submitted,
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
*/s/ Elizabeth L. Bentley*

By: _____
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorney for Defendants***

**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

COLEY M. TYSON,

          Plaintiff,

v.

NEW PRIME, INC., ACE AMERICAN
INSURANCE COMPANY and JAMES
HOLLAND,

          Defendants.

Civil Action File No. 20A79235

## DEFENDANTS' RULE 5.2 CERTIFICATE OF SERVICE

COME NOW, Defendants New Prime, Inc., Ace American Insurance Company, and James Holland, and pursuant to Superior and State Court Uniform Rule 5.2, hereby notify the Court that on April 1, 2020, Defendants served upon opposing counsel via electronic mail, a copy of the following discovery requests:

1. *Defendants' First Interrogatories to Plaintiff;*
2. *Defendants' First Requests for Admission to Plaintiff; and*
3. *Defendants' First Requests for Production of Documents and Notice to Produce at Trial to Plaintiff.*

This 1st day of April, 2020.

                            Respectfully submitted,
                            **SWIFT, CURRIE, McGHEE & HIERS, LLP**

          By:  */s/ Elizabeth L. Bentley, Esq.*
                            RICHARD C. FOSTER, ESQ.
                            State Bar No.: 271057
                            *richie.foster@swiftcurrie.com*
1355 Peachtree Street NE, Suite 300    ELIZABETH L. BENTLEY, ESQ.
Atlanta, Georgia 30309              State Bar No.: 828730
(404) 874-8800 Phone                *beth.bentley@swiftcurrie.com*
(404) 888-6199 Fax                  *Attorneys for the Defendants*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COLEY M. TYSON, | |
| Plaintiff, | |
| v. | Civil Action File No. 20A79235 |
| NEW PRIME, INC., ACE AMERICAN INSURANCE COMPANY and JAMES HOLLAND, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Defendants' Rule 5.2 Certificate of Service** upon all parties via the Odyssey E-File & Serve System which will electronically send an electronic copy of same to the following counsel and parties of record:

John Bey, Esq.
Joe Morris, Esq.
BEY & ASSOCIATES, LLC
191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303
*john@beyandassociates.com*
***Attorneys for the Plaintiff***

This 1st day of April, 2020.

Respectfully submitted,
**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:  ***/s/ Elizabeth L. Bentley, Esq.***
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
*beth.bentley@swiftcurrie.com*
***Attorney for the Defendants***

1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| COLEY M. TYSON, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 20A79235** |
| NEW PRIME, INC., ACE AMERICAN | ) | |
| INSURANCE COMPANY and JAMES | ) | |
| HOLLAND | ) | |
| | ) | |
|     **Defendants.** | ) | |
| | ) | |

## MOTION TO AMEND PLEADINGS

COMES NOW Plaintiff's Attorney, **JOE MORRIS III**, in the above styled action and files this AMENDED PLEADING to correct a scrivener's error with respect to his Georgia Bar number.  In the pleadings, Counsel incorrectly listed his Georgia Bar # as **254280**.  The correct bar number for Attorney Morris should read **524280**.  On any subsequent pleadings or correspondence relative to this matter, Attorney Morris' bar number will use the correct bar number of **524280**.

**WHEREFORE**, Plaintiff prays that the court grant this Motion to Amend Pleadings and that any pleadings moving forward reflect the correct bar number as stated above.

Respectfully submitted this 5th day of May, 2020.

BEY & ASSOCIATES LLC

N. John Bey
Georgia Bar No. 118279
Joe Morris III
Georgia Bar No. 524280
Attorneys for Plaintiff

191 Peachtree Street N.E., Suite 3200
Atlanta, Georgia 30303
Telephone: (404) 850-6803
Facsimile: (404) 393-6107

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

COLEY M. TYSON,             )
                                   )
      **Plaintiff,**          )
                                   )
v.                              )      **CIVIL ACTION**
                                   )      **FILE NO. 20A79235**
NEW PRIME, INC., ACE AMERICAN  )
INSURANCE COMPANY and JAMES  )
HOLLAND                     )
                                   )
      **Defendants.**        )
                                   )

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing

**MOTION TO AMEND CAPTION** upon opposing counsel via statutory electronic service to the

following:

Richard C. Foster, Esq.
Elizabeth L. Bentley, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, Ste 300
Atlanta, Georgia 30309
richie.foster@swiftcurrie.com
beth.bentley@swiftcurrie.com

Respectfully submitted, this 5th day of May, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 524280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **COLEY M. TYSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 20A79235** |
| **NEW PRIME, INC., ACE AMERICAN** | ) | |
| **INSURANCE COMPANY and JAMES** | ) | |
| **HOLLAND** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MOTION TO AMEND CAPTION

COMES NOW, Plaintiff Coley Tyson by and through the undersigned attorney, in the above styled action and files this MOTION TO AMEND CAPTION to correct the Defendants last name.  In the caption, Defendant is named James Holland**.  The correct name for Defendant should read **James Mitchell**.  On any subsequent pleadings or correspondence relative to this matter, the caption will use the correct name for Defendant, James Mitchell.

**WHEREFORE**, Plaintiff prays that the court grant this Motion to Amend Caption and that any pleadings moving forward reflect the correct name for Defendant as stated above.

Respectfully submitted this 5th day of May, 2020.

BEY & ASSOCIATES LLC

N. John Bey
Georgia Bar No. 118279
Joe Morris III
Georgia Bar No. 524280
Attorneys for Plaintiff

191 Peachtree Street N.E., Suite 3230
Atlanta, Georgia 30303
Telephone: (404) 850-6803
Facsimile: (404) 393-6107

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **COLEY M. TYSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 20A79235** |
| **NEW PRIME, INC., ACE AMERICAN** | ) | |
| **INSURANCE COMPANY and JAMES** | ) | |
| **HOLLAND** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing

**MOTION TO AMEND CAPTION** upon opposing counsel via U.S. mail to the following:

Richard C. Foster, Esq.
Elizabeth L. Bentley, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, Ste 300
Atlanta, Georgia 30309
richie.foster@swiftcurrie.com
beth.bentley@swiftcurrie.com

Respectfully submitted, this 5th day of May, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 524280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3200
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

- - -     3

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| COLEY M. TYSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 20A79235 |
| NEW PRIME, INC., ACE AMERICAN | ) | |
| INSURANCE COMPANY and JAMES | ) | |
| HOLLAND | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has served a true and correct copy of the foregoing

**<u>PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES AND</u>**

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO</u>**

**<u>PLAINTIFF</u>** upon opposing counsel via U.S. mail to the following:

Richard C. Foster, Esq.
Elizabeth L. Bentley, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, Ste 300
Atlanta, Georgia 30309
richie.foster@swiftcurrie.com
beth.bentley@swiftcurrie.com

Respectfully submitted, this 1st day of May, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 524280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

COLEY M. TYSON,                              )
                                             )
     **Plaintiff,**                        )
                                             )
**v.**                                       )     **CIVIL ACTION**
                                             )     **FILE NO. 20A79235**
**NEW PRIME, INC., ACE AMERICAN**            )
**INSURANCE COMPANY and JAMES**              )
**HOLLAND**                                  )
                                             )
     **Defendants.**                      )
                                             )

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION**

**TO PLAINTIFF** upon opposing counsel via U.S. mail to the following:

Richard C. Foster, Esq.
Elizabeth L. Bentley, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, Ste 300
Atlanta, Georgia 30309
richie.foster@swiftcurrie.com
beth.bentley@swiftcurrie.com

Respectfully submitted, this 1st day of May, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 524280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

COLEY M. TYSON,                          )
                                         )
    **Plaintiff,**                       )
                                         )
v.                                       )       **CIVIL ACTION**
                                         )       **FILE NO. 20A79235**
NEW PRIME, INC., ACE AMERICAN            )
INSURANCE COMPANY and JAMES              )
HOLLAND                                  )
                                         )
    **Defendants.**                      )
_____      )

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANTS' FIRST REQUEST FOR**

**ADMISSION TO PLAINTIFF** upon opposing counsel via U.S. mail to the following:

Richard C. Foster, Esq.
Elizabeth L. Bentley, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, Ste 300
Atlanta, Georgia 30309
richie.foster@swiftcurrie.com
beth.bentley@swiftcurrie.com

Respectfully submitted, this 5th day of May, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 254280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107