# Exhibit B

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

COLEY M. TYSON,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )          CIVIL ACTION
                                         )          FILE NO. 20A79235
NEW PRIME, INC., ACE AMERICAN            )
INSURANCE COMPANY and JAMES              )
HOLLAND                                  )
                                         )
        Defendants.                      )
                                         )

<u>**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION TO PLAINTIFF**</u>

COMES NOW, Plaintiff, **COLEY M. TYSON**, in the above-styled action, and responds to the following request for admission under oath and in accordance with the applicable provisions of the Georgia Rules of Civil Procedure as follows:

<u>**REQUEST FOR ADMISSIONS**</u>

1. Please admit the amount in controversy in the instant litigation is $75,000.00 or less.

**RESPONSE: Denied.**

2. Please admit you will not seek damages in this case of greater than $75,000.00.

**RESPONSE: Admitted.**

Respectfully submitted, this 1st day of May, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 524280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| COLEY M. TYSON, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 20A79235** |
| NEW PRIME, INC., ACE AMERICAN | ) | |
| INSURANCE COMPANY and JAMES | ) | |
| HOLLAND | ) | |
| | ) | |
|     **Defendants.** | ) | |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that the undersigned has served a true and correct copy of the foregoing

**<u>PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION</u>**

**<u>TO PLAINTIFF</u>** upon opposing counsel via U.S. mail to the following:

Richard C. Foster, Esq.
Elizabeth L. Bentley, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, Ste 300
Atlanta, Georgia 30309
richie.foster@swiftcurrie.com
beth.bentley@swiftcurrie.com

Respectfully submitted, this 1st day of May, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 524280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **COLEY M. TYSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 20A79235** |
| **NEW PRIME, INC., ACE AMERICAN** | ) | |
| **INSURANCE COMPANY and JAMES** | ) | |
| **HOLLAND** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO PLAINTIFF**</u>

COMES NOW, Plaintiff, **COLEY M. TYSON**, in the above-styled action, and responds to the following interrogatories and requests for production of documents under oath and in accordance with the applicable provisions of the Georgia Rules of Civil Procedure.

**GENERAL OBJECTIONS**

(a)     Plaintiff objects to each and every Interrogatory and Request for Production to the extent that it would require Plaintiff to respond by disclosing her attorneys' and other of her representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product, or the like, on the grounds that said Interrogatory or Request for Production exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(b)     Plaintiff objects to each and every Interrogatory or Request for Production to the extent that it, whether standing alone or in conjunction with any and all Interrogatories, is calculated or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to the Plaintiff, or would be unduly vexatious or unduly burdensome to respond to, or would

require Plaintiff to engage in investigative efforts burdensome to the point of oppression, on the grounds that said Interrogatory or Request for Production exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(c)     Plaintiff objects to each and every Interrogatory or Request for Production to the extent that it would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and is not reasonably calculated to lead to the discovery of admissible evidence, on the grounds that said request exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(d)     Plaintiff objects to each and every Interrogatory or Request for Production to the extent that it would require the Plaintiff to respond by waiving the attorney/client privilege, on the grounds that said Interrogatory or Request for Production exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(e)     Plaintiff objects to the caption or preface to the Interrogatory or Request for Production to the extent that the Plaintiff is required to file responses which exceed the scope of discovery under the Georgia Rules of Civil Procedure or within a period of time which is less than that allowed Plaintiff to respond to Interrogatories and Requests under the Georgia Rules of Civil Procedure.  Plaintiff's responses herein are made in compliance with the Georgia Rules of Civil Procedure, and not pursuant to the conditions sought to be imposed by Defendants in the caption or preface to the Interrogatory or Request for Production.

Without waiving the foregoing objections Plaintiff **COLEY M. TYSON** responds as follows:

### **INTERROGATORIES**

1.

What is your full name, date of birth, present address, social security number, driver's

license number, and the names and dates of birth for each of your children?

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that Plaintiff's social security numbers are neither relevant nor discoverable and would pose a threat to Plaintiff's personal security.  Subject to and without waiving this objection, Plaintiff responds to this Interrogatory to the best of his knowledge, information, and belief as follows:**

**Coley M. Tyson,** ████████████████████████████, **Plaintiff will provide his social security at a mutually agreed time and place, Driver's license #: 058712314, Mahagony palmer, DOB:** ██████, **Kiara Tyson, DOB:** ██████, ████████████████ ██████**

**Plaintiff reserves the right to supplement this response at a later date should it become necessary as discovery is ongoing.**

2.

State specifically and in reasonable detail how the occurrence which is the basis of your lawsuit in this matter happened.

**RESPONSE: Plaintiff responds to this Interrogatory to the best of his knowledge, information, and belief as follows: On May 23, 2019, Plaintiff was traveling westbound in the second to the right lane on 285 WB. Defendant was also traveling on 285 WB in the third to the right lane. Without warning, the Defendant slammed into the rear right side of Plaintiff's vehicle. Defendant was cited for failure to maintain lane in violation of O.C.G.A § 40-6-48.**

3.

Please identify all persons that to you or your representatives' knowledge, information, or belief:

(a) Were eyewitnesses to the incident giving rise to this lawsuit;

(b) Have relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in sub-part (a).

**RESPONSE: Plaintiff responds to this Interrogatory to the best of his knowledge, information, and belief as follows:**

   a)   **Plaintiff and Defendants; and**

   b)   **Plaintiff's attorneys, Defendants attorneys, Dunwoody Police Department Officer Hernandez, all medical providers, ACE American Insurance Company and Allstate Property and Casualty Insurance Company.**

4.

Please identify each statement (oral, written, recorded, court, or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit.

**RESPONSE: Plaintiff responds to this Interrogatory to the best of his knowledge, information, and belief as follows: Plaintiff has given an oral statement to the Dunwoody Police Officer Hernandez. Plaintiff further refers Defendants to the police report attached hereto in response to Defendants' request for production of documents.**

5.

Identify all persons who to your knowledge, information, or belief have investigated any aspect of the occurrence, which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

**RESPONSE: Plaintiff responds to this Interrogatory to the best of his knowledge, information, and belief as follows: Dunwoody Police Department Officer Hernandez.**

6.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, any other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

**RESPONSE: Plaintiff responds to this Interrogatory to the best of his knowledge, information, and belief as follows: Plaintiff further refers Defendants to the police report attached hereto in response to Defendants' request for production of documents.**

7.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.

**RESPONSE: Plaintiff objects to this Interrogatory to the extent it seeks information that is protected from discovery by virtue of the attorney-client privilege. Plaintiff objects to this interrogatory to the extent it seeks information that constitutes the work product or trial preparation materials of Plaintiff's attorney or other representatives or reflect the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives. Subject to and without waiving this objection, the Plaintiff responds to this request to the best of his knowledge, information, and belief as follows:**

**At present, Plaintiff has not determined whether he expects to call any expert witness(es) at trial. Plaintiff may call Plaintiff's treating physicians and healthcare providers.**

**Plaintiff reserves the right to supplement this response at a later date should it become necessary as discovery is ongoing.**

8.

Please identify any civil cases, criminal charges, offenses, arrests, convictions, or guilty

pleas that you have ever been involved in, stating the offense charged, the date of the allegations, the court involved, and the disposition of the matter.

**RESPONSE: Plaintiff objects to this request on the grounds that it is irrelevant to this litigation and that the only admissible evidence is evidence of conviction of felonies and misdemeanors involving moral turpitude, but subject to and without waiving this objection, Plaintiff responds to this Interrogatory to the best of his knowledge, information, and belief as follows: Plaintiff was arrested for a DUI charge in 1995 in Savannah Georgia and plead guilty. Plaintiff does not further remember the details of this incident.**

9.

With respect to all insurance benefits available to you for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor, or other practitioner of the healing arts as a result of the incident that is the subject of this litigation, (e.g. health insurance, worker's compensation, medical payments, policies, etc.) please state:

(a) the name and address of the provider of benefits;

(b) the amount of the payments by each provider;

(c) the person or entity to whom the payments were made; and

(d) the claim number, policy number or applicable reference number with regard to each payment.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory on the grounds that it seeks to discover information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence and is clearly outside the scope of the Georgia Civil Practice Act.  Further, the collateral source rule bars admission of evidence**

**of payments of medical expenses to personal-injury plaintiffs.**

10.

Were you eligible for or did you receive any benefits from any governmental entity, such as Medicare or Medicaid, etc., as a result of the incident that is the subject of this litigation? If so, please state:

(a) the name and address of the provider of benefits;

(b) the person or entity to whom the payments were made; and

(c) the claim number, policy number or applicable reference number with regard to each payment.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory on the grounds that it seeks to discover information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence and is clearly outside the scope of the Georgia Civil Practice Act.  Further, the collateral source rule bars admission of evidence of payments of medical expenses to personal-injury plaintiffs. Subject to and without waiving this objection, the Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: None.**

11.

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries in the ten years prior to the date of the incident described in your Complaint, and describe the bodily or mental injuries, if any, which you received in such other accidents or incidents, and state the name and location of all facilities or physicians which treated you.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and**

**belief as follows: Plaintiff does not remember being in any accidents in the ten years prior to this incident.**

12.

Please identify and explain in detail, to the best of your ability, all non-economic damages you claim to have received as a result of the incident giving rise to this lawsuit and indicate which of those damages you are presently suffering from and the manner and extent of your suffering.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: None.**

13.

Please itemize all economic damages which you have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, attorney's fees, and all other special damages you claim to have incurred as a result of this occurrence.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows:**

| Provider | Amount |
|---|---|
| Orthopaedics of Atlanta, P.C. | $59,687.72 |
| Gwinnett Medical Back & Neck Pain | $988.00 |
| Georgia Interventional Medicine | $42,535.00 |
| Elite Radiology | $5,850.00 |
| BuckEye Medical Center | $4,883.00 |
| Benchmark Physical Therapy | $13,416.50 |
| Lost wages | $2,088.80 |
| **TOTAL** | **$129,447.72** |

14.

State the names and addresses of all doctors, osteopaths, psychiatrists, psychologists, chiropractors, and other practitioners of the healing arts who have treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate

whether each has issued a written report regarding his or her treatment of you.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows:**

| Providers | Last visit | Report |
|---|---|---|
| **Orthopaedics of Atlanta, P.C.** | 10/2/2019 | Yes |
| **Gwinnett Medical Back &amp; Neck Pain** | 5/29/2019 | Yes |
| **Georgia Interventional Medicine** | 12/20/2019 | Yes |
| **Elite Radiology** | 11/13/2019 | Yes |
| **BuckEye Medical Center** | 7/15/2019 | Yes |
| **Benchmark Physical Therapy** | 11/26/2019 | Yes |

      **Plaintiff further refers Defendants to the medical records attached hereto in response to the request for production of documents.**

15.

      Give the names and addresses of all hospitals, infirmaries, clinics, physicians' offices, and or facilities in which you received treatment, including the dates of such treatment:

      (a) For any medical treatment prior to the incident giving rise to this lawsuit, other than those already identified herein;

      (b) For any medical treatment subsequent to the incident giving rise to this lawsuit which was not a result of the incident described in your Complaint and has not been already identified herein.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows:**

      **(a) None; and**

      **(b) None.**

16.

Were you working or employed on the date of the incident giving rise to your Complaint or in the six months before that date? If so, please state the name, address, and phone number of your employer or the facility for which you were working, the date you began working there, the last date you worked there, and your title (or a description of your work).

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: Plaintiff was employed at the time of the collision at GF Health Products, ████████████████████████████████ 770-368-4700, Plaintiff began working there in 2003 and is currently still employed.**

17.

Have you lost any wages or salary as a result of the incident which gives rise to your Complaint? If so, please state the name, address and phone number of your employer from whom you claim to have lost wages or salary, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: Yes, Plaintiff was employed at the time of the collision at GF Health Products, ████████████████████████████████ 770-368-4700, Plaintiff was unable to work from August 26, 2019 to September 6, 2019, Plaintiff's rate of pay was 18.65/hr. Plaintiff's supervisor is Lori Kershner. Plaintiff returned to work on September 9, 2019. Plaintiff was paid for vacation time during this period. Plaintiff was also employed by UPS located at ████████████████████████████████ (800) 742-5877, Plaintiff had to stop working due to the accident and his pay rate was $13.00/hr. His supervisor at the time**

**was Tyrell.**

18.

Please describe in detail all conversations you had with the Defendants and/or any agents of the Defendants, stating:

(a) the subject matter of the conversation;

(b) the name of each person who was a party to the conversation; and

(c) the approximate date of the conversation.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: None.**

19.

Please provide the names and addresses of all your employers for the past ten years. With respect to each employer, please state:

b) the date of hire;

c) the date of termination;

d) the reason for termination;

e) the beginning and ending salary or wage; and

f) the name and address of your supervisor.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: See response to #17. Additionally, Plaintiff responds as follows:**

**a)UPS located at** ███████████████████████████████**;**

**b) February 15, 2018;**

**c) May 2019;**

**d) Due to the accident;**

**e) $10.50/hr to $13.00/hr;**

**f) Tyrell.**

20.

Please provide all of the addresses at which you have lived over the past ten (10) years.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows:** ██████████████████████████ **from 2010 to2014; and** ██ ██████████████████████ **from 2014 to present.**

21.

Have you have ever filed a workers' compensation claim? If so, please provide the following:

(a) the date, circumstances and location of the incident which gave rise to the claim;

(b) the name and address of the provider of benefits;

(c) the person or entity to whom the payments were made; and

(d) the claim number, policy number or applicable reference number with regard to each payment.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: None.**

22.

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries subsequent to the date of the incident described in your Complaint, and describe the bodily or mental injuries, if any, which you received in such other accidents or incidents, and state the name and location of all facilities or physicians which treated you which have not already been identified herein.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: Plaintiff has not been in any other accidents.**

23.

Were you married on the date of the incident giving rise to your Complaint? If so, please state the name of your spouse, date and place of your marriage, and, if applicable, the date the marriage ended.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: Yes, Taysha Tyson, married in 1996 in Norcross, GA, Gwinnett County and Separated October 28, 2018.**

24.

Have you ever been married? If so, please state the name of your spouse, date and place of your marriage, and, if applicable, the date the marriage ended.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: Please see response to interrogatory #23.**

25.

Please state the highest level of education you completed and give the name and location (city and state) of each high school, college, technical, training, and/or vocational school you attended. For each facility identified, please state whether you completed a degree or certificate program there and the dates you began attending and stopped attending, if applicable.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks to discover information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Plaintiff responds to this request to the best of his knowledge, information, and belief as follows:**

Gwinnett College of Business in Lilburn GA, March 28, 2002; Plaintiff received a Computer Operations Certificate. Plaintiff attended from 2000 to 2002.

Plaintiff reserves the right to supplement this response at a later should it become necessary as discovery is ongoing.

26.

For each cellular phone that you owned, possessed, or used on the date of the occurrence, please identify the phone number, the company that provides service for the phone, the last call you made before the occurrence, and any calls made immediately after the occurrence.

**RESPONSE: Plaintiff responds to this request to the best of his knowledge, information, and belief as follows: 404-484-5724 Metro PCS, Plaintiff does not remember who he spoke to prior to the incident, but called 911 immediately after the accident.**

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE**

1.

The original or a true, accurate and complete copy of all insurance policies which provided benefits to you (including but not limited to collision, comprehensive, loss of use coverage, medical payments coverage and personal injury protection coverage) as a result of the occurrence that forms the basis of the Complaint.

**RESPONSE: Please see attached declarations page.**

2.

The original or a true, accurate and complete copy of all personal insurance policies which provided coverage for any automobiles personally owned by you or any resident of your household which was in effect at the time of this incident.

**RESPONSE: Please see attached declarations page.**

3.

True, accurate and complete copies of both sides of checks, drafts or other documents issued to you in payment of or for the damage to the vehicle involved in this accident

**RESPONSE: Plaintiff is not in possession of said document.**

4.

True, accurate and complete copies of any and all proofs of loss, assignments, subrogation agreements, loan receipts, or any other documents with regard to any claim for damage to the automobile involved in this accident.

**RESPONSE: Plaintiff is not in possession of said document.**

5.

True, accurate and complete copies of all correspondence between you and any insurance carrier that provided coverage for the vehicle that was involved in this accident, including specifically, but not limited to, any correspondence, document or other written matter between you and the insurance company with regard to any claim for damage to that vehicle.

**RESPONSE: Defendant has same access to said documents as Plaintiff.**

6.

True, accurate and complete copies of all receipts, estimates, repair bills, appraisals, etc., with regard to the damage to the vehicle involved in this accident.

**RESPONSE: Plaintiff is not in possession of said document.**

7.

W-2 forms, 1099 forms, K-1 forms, and federal and state tax returns for the years 2015, 2016, 2017, 2018, and 2019. If you are not in possession of said forms, please execute the attached IRS Form 4506-T and return to the office of undersigned counsel.

**RESPONSE: Plaintiff is not in possession of said document.**

**Plaintiff reserves the right to supplement this response at a later date should it become necessary as discovery is ongoing**

8.

Any and all documents relating to lost earnings, income or profits which you allege to have sustained by reason of injuries from this occurrence.

**RESPONSE: Please see attached wage loss verification form.**

9.

All medical or hospital expenses or bills and all drug bills incurred by you in connection with the injuries allegedly received in this occurrence.

**RESPONSE: Please see attached medical bills.**

10.

Any document evidencing any other expense incurred by you with regard to the occurrence referenced in the Complaint.

**RESPONSE: Plaintiff is not aware of any other expenses incurred with regards to this occurrence.   Plaintiff reserves the right to supplement this request if any information becomes available.**

11.

Any written reports, documents, hospital records, office notes, correspondence or other written record prepared by or on behalf of any physician, osteopath, chiropractor, or other practitioner of any healing art who treated you with regard to this occurrence.

**RESPONSE: Please see attached medical records.**

12.

All medical reports, hospital records, office notes, correspondence or other written record prepared by or on behalf of any physician, osteopath, chiropractor, hospital or other practitioner of any healing art who treated you for injuries to any part of the body in the ten years prior to the incident described in your Complaint.

**RESPONSE: Plaintiff responds to this request to the best of her knowledge, information, and belief as follows: Plaintiff is not in possession of said records.**

13.

A copy of any transcript of any traffic court hearing, workers' compensation hearing, EEOC hearing, social security hearing, trial, or any other judicial or quasi judicial hearing related to:

(a) Any occurrence in which you claimed injuries to the parts of the body allegedly injured in this occurrence;

(b) Any such proceeding arising out of the occurrence referred to in the Complaint.

**RESPONSE: Plaintiff responds to this request to the best of her knowledge, information, and belief as follows: Plaintiff is not in possession of said records or documents.**

14.

Copies of all correspondence, letters, memoranda, or other written records or documents provided by you or your agent or attorney to:

(a) Any alleged witness to this incident;

(b) Any physician, osteopath, chiropractor, or practitioner of any healing art who has treated you for injuries sustained in this occurrence;

(c) Any expert you or your attorney intends to call as a witness at trial;

(d) Any judicial, governmental or quasi government agency, body, group, or organization

contacted with regard to this occurrence;

(e) Any police officer investigating this occurrence.

**RESPONSE: Plaintiff responds to this request to the best of her knowledge, information, and belief as follows: Plaintiff is not in possession of said records or documents, if such records or documents exist.**

15.

Any diary or log of events or expenses you have prepared with regard to this occurrence.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information protected from discovery under the attorney-client privilege, the attorney work-product doctrine, the accountant-client privilege, and any other privilege recognized under the law, which information the Plaintiff will not produce. Subject to and without waiving this objection, Plaintiff responds to this request to the best of her knowledge, information, and belief as follows: None.**

16.

The application for benefits signed by you with regard to any claim for no-fault, personal injury protection or medical payment benefits within the last ten years.

**RESPONSE: Plaintiff responds to this request to the best of her knowledge, information, and belief as follows: Plaintiff is not in possession of any documents relating to this request, if such records exist.**

17.

All photographs of the vehicle involved in the incident described in Plaintiff's Complaint and all photographs of the area where the incident is alleged to have occurred.

**RESPONSE: Please see attached the police report.**

**Plaintiff reserves the right to supplement this response at a later date should it become necessary as discovery is ongoing.**

18.

All written, recorded and/or transcribed statements pertaining to the incident described in Plaintiff's Complaint.

**RESPONSE: Please see attached police report.  Plaintiff reserves the right to supplement this response at a later date should it become necessary as discovery is ongoing.**

19.

Copies of all documents received by Plaintiff regarding the incident described in Plaintiff's Complaint which mention Plaintiff Coley M. Tyson by name and were not generated by Plaintiff's attorney.

**RESPONSE: Please see attached all documents. Plaintiff reserves the right to supplement this response at a later date should it become necessary as discovery is ongoing.**

20.

Any and all documents in your possession which pertain to time lost from work or your lost wages claim as a result of the subject collision, including, but not limited to, documents generated by any employer or sent to any employer.

**RESPONSE: Please see attached wage loss verification form.**

21.

Any other document not described above and identified in your responses to Defendants' First Interrogatories to Plaintiff.

**RESPONSE: Please see attached all documents.**

Respectfully submitted, this 1st day of May, 2020.

Respectfully submitted,

**BEY & ASSOCIATES, LLC.**

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 524280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **COLEY M. TYSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 20A79235** |
| **NEW PRIME, INC., ACE AMERICAN** | ) | |
| **INSURANCE COMPANY and JAMES** | ) | |
| **HOLLAND** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that the undersigned has served a true and correct copy of the foregoing

**<u>PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO
PLAINTIFF</u>** upon opposing counsel via U.S. mail to the following:

> Richard C. Foster, Esq.
> Elizabeth L. Bentley, Esq.
> Swift, Currie, McGhee & Hiers, LLP
> 1355 Peachtree Street, Ste 300
> Atlanta, Georgia 30309
> richie.foster@swiftcurrie.com
> beth.bentley@swiftcurrie.com

Respectfully submitted, this 30th day of April, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 524280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| COLEY M. TYSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 20A79235** |
| NEW PRIME, INC., ACE AMERICAN | ) | |
| INSURANCE COMPANY and JAMES | ) | |
| HOLLAND | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### PLAINTIFF'S AMENDED RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION TO PLAINTIFF

COMES NOW, Plaintiff, **COLEY M. TYSON**, in the above-styled action, and amends his response to the following request for admission under oath and in accordance with the applicable provisions of the Georgia Rules of Civil Procedure as follows:

### REQUEST FOR ADMISSIONS

1. Please admit the amount in controversy in the instant litigation is $75,000.00 or less.

**RESPONSE: Denied.**

2. Please admit you will not seek damages in this case of greater than $75,000.00.

**RESPONSE: Denied.**

Respectfully submitted, this 5th day of May, 2020.

Respectfully submitted,

BEY & ASSOCIATES, LLC.

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 254280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **COLEY M. TYSON,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**NEW PRIME, INC., ACE AMERICAN** )<br>**INSURANCE COMPANY and JAMES** )<br>**HOLLAND** )<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION**<br>**FILE NO. 20A79235** |

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the undersigned has served a true and correct copy of the foregoing

<u>**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANTS' FIRST REQUEST FOR**</u>

<u>**ADMISSION TO PLAINTIFF**</u> upon opposing counsel via U.S. mail to the following:

Richard C. Foster, Esq.
Elizabeth L. Bentley, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, Ste 300
Atlanta, Georgia 30309
richie.foster@swiftcurrie.com
beth.bentley@swiftcurrie.com

Respectfully submitted, this 5th day of May, 2020.

Respectfully submitted,

**BEY & ASSOCIATES, LLC.**

N. John Bey, Esq.
Georgia Bar No.: 118279
Joe Morris, III, Esq.
Georgia Bar No.: 254280
Attorneys for Plaintiff

191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
Telephone: (404) 344-4448
Facsimile: (404) 393-6107